United States District Court
For the Northern District of California

1

2

3

4

5                   IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   RICKY MARTINEZ, JOSH LECLAIR,         No. C 11-01392 SI
    NORBERTO SUAREZ, TYLER FOX,

9   AND JARED HUTMAN, individually, and on    **ORDER RE: FINAL APPROVAL**
    behalf of all others similarly situated,          **OF CLASS ACTION SETTLEMENT;**

10                                   **PLAINTIFFS' MOTION FOR**
           Plaintiffs,                 **ATTORNEYS' FEES AND COSTS**

11

12      v.

13   INCOM MECHANICAL, INC., JOE
    LOCATI, JEFFREY LOCATI, PHIL

14   LOCATI, and DOES 1 through 50,
    inclusive,

15            Defendants.

16   _____/

17        On October 7, 2011, the Court preliminarily approved the class settlement in this class action

18 suit involving plaintiffs' claims for overtime compensation and related wage and hour claims. *See.* Doc.

19 37. On March 19, 2012, the Court held a hearing on plaintiffs' motions for final approval of the class

20 settlement and for attorneys' fees and costs. Defendants joined in plaintiffs' motion for final approval,

21 but requested that the Court not issue its final approval order until May 17, 2012. The reason for the

22 requested delay is that defendants failed to give statutorily required notice to the United States Attorney

23 General and the California Attorney General "not later than 10 days after a proposed settlement of a

24 class action is filed in court," as required by the Class Action Fairness Act ("CAFA"). 28 U.S.C. §

25 1715(b). The proposed settlement was filed on September 9, 2011, and thus the attorneys general

26 should have been notified by the defendants of its existence by September 19, 2011. Instead, defendants

27 provided notice on February 17, 2012.

28        CAFA requires that "an order giving final approval of a proposed settlement may not be issued

1  earlier than 90 days after the later of the dates on which the appropriate Federal official and the

2  appropriate State Official are served with the notice required under Subsection (b)." 28 § 1715(d).

3  Defendants thus request that the Court not issue the final order until after May 17, 2012, 90 days after

4  they provided notice to the attorneys general.  Plaintiffs request that the Court issue its final approval

5  immediately, or, in the alternative, charge defendants interest on the settlement amount as a penalty for

6  their mistake and award additional attorneys' fees.

7       The settlement itself is in the amount of $550,000.00.  Doc. 28-1, Settlement Agreement, ¶ 13.c.

8  Notices of the settlement were mailed to 151 Settlement Class Members; 112 (74.17%) affirmatively

9  opted-in to the settlement, none filed objections, and none requested to be excluded from the action.

10  Tittle Decl., ¶¶ 8, 10.  The estimated average recovery per class member who opted to participate in the

11  suit is $3,259.   Schwartz Decl., ¶ 3.   Class representatives will receive a $5,000 enhancement.

12  Settlement Agreement, ¶ 13.o.  Having reviewed these facts, and the remaining terms of the settlement,

13  the Court finds that the settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ.

14  P. 23(e), and intends to approve it.

15       Class Counsel seeks attorneys' fees in the amount of $137,500.00, representing 25% of the

16  settlement fund. They also seek reimbursement of $8,668.69 in actual litigation costs. The Court finds

17  these requests reasonable, and intends to grant plaintiffs' motion for attorney's fees and costs as well.

18  *See Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) (stating the Ninth Circuit has established

19  25% of the recovery as the "benchmark" for attorneys' fees under the percentage-of-recovery approach).

20       However, the Court will delay issuing its final approval order until the appropriate time.  At the

21  March 19, 2012 hearing, the Court requested that defendants' attorney request expedited approval of

22  (or non-objection to) the settlement from the appropriate attorneys general.  If the Court receives such

23  notice from the attorneys general, it will issue its final approval order at that time.  Barring notice from

24  the attorneys general, the Court will wait until May 18, 2012, to issue its final approval order.  In the

25  meantime, as stated at the March 19th hearing, defendants shall pay 2% simple interest on the

26  Settlement Amount.  No additional attorney's fees will be awarded.

27       Upon receipt of notice from both attorneys general, or May 18, 2012, whichever comes first,

28  plaintiffs shall submit a proposed final approval order containing the amount of the 2% interest as

2

applied on the date the proposed order is filed.

**IT IS SO ORDERED.**

Dated: March 20, 2012

_____
SUSAN ILLSTON
United States District Judge